**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ENVIRONMENTAL DEFENSE FUND,
1875 Connecticut Ave., NW, Suite 600
Washington, DC 20009,

     Plaintiff,

v.

UNITED STATES DEPARTMENT
OF TRANSPORTATION,
1200 New Jersey Ave., SE
Washington, DC 20590,

     Defendant.

No. 1:18-cv-3004

**COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF**

For over a decade, the Department of Transportation ("DOT") and the Environmental

Protection Agency ("EPA") have issued joint rulemakings establishing greenhouse gas pollution

and fuel economy standards for different classes of vehicles pursuant to their distinct and

independent statutory responsibilities.  These standards reduce pollution and save consumers

money, and they have been broadly supported by a wide range of stakeholders, including

industry.  DOT is now taking a prominent role in attacking these win-win safeguards—

advancing efforts to dramatically weaken standards for light-duty cars and trucks and to roll back

a major part of the standards for medium- and heavy-duty trucks.  To bring greater transparency

to the motivations behind these deeply harmful efforts, Plaintiff Environmental Defense Fund

("EDF") submitted three Freedom of Information Act ("FOIA") requests to DOT, seeking the

calendars and third-party communications of key agency officials.  DOT failed to respond to

these requests by the statutory deadline, violating EDF's rights under FOIA and depriving the

1

public of these records during the pendency of a key comment period.  DOT is violating FOIA and denying access to records of clear and immediate public interest.

## INTRODUCTION

1.      EDF files this action to enforce the statutory obligations of DOT under FOIA, 5 U.S.C. § 552.

2.      In August 2018, EPA and DOT proposed to dramatically weaken the current greenhouse gas pollution and fuel economy standards for light-duty vehicles ("Clean Car Standards"), with a public comment period that ended on October 26, 2018.  *See* The Safer Affordable Fuel-Efficient (SAFE) Vehicles Rule for Model Years 2021–2026 Passenger Cars and Light Trucks, 83 Fed. Reg. 42,986 (Aug. 24, 2018); The Safer Affordable Fuel-Efficient (SAFE) Vehicles Rule for Model Years 2021–2026 Passenger Cars and Light Trucks; Extension of Comment Period, 83 Fed. Reg. 48,578 (Sept. 26, 2018).  The administration has announced its intention to release a final rule in March 2019.  *See* Office of Info. & Regulatory Affairs, RIN 2060-AU09: The Safer Affordable Fuel-Efficient (SAFE) Vehicles Rule for Model Years 2021–2026 Passenger Cars and Light Trucks, https://www.reginfo.gov/public/do/eAgendaViewRule?pubId=201810&RIN=2060-AU09 (last accessed Dec. 18, 2018).

3.      In August 2017, EPA and DOT granted a trailer manufacturer trade group's petition for rulemaking to consider revising provisions of the current greenhouse gas pollution and fuel efficiency standards for medium- and heavy-duty engines and vehicles ("Clean Truck Standards").  *See* Letter from Jack Danielson, Acting Deputy Adm'r, Nat'l Highway Traffic Safety Admin., to Jeffrey M. Sims, President, Truck Trailer Mfrs. Ass'n (Aug. 17, 2017).  The specific provisions under review are those related to heavy-duty trailers ("Trailer Standards").  Recent court statements by the agencies indicate that EPA and DOT are preparing to move forward with a

"proposed rule to revisit" the Trailer Standards.  *See* Respondents' Status Report 3, *Truck Trailer Mfrs. Ass'n v. EPA* ("*TTMA*"), No. 16-1430 (D.C. Cir. Oct. 22, 2018).

4.      These efforts, if finalized as planned, would harm human health and welfare by exacerbating climate change.  An EDF analysis estimates that the agencies' proposed rollback of the Clean Car Standards would result in approximately 4.5 billion tons of additional cumulative carbon pollution between 2017 and 2050.  *See* Comments of EDF on Nat'l Highway Traffic Safety Admin.'s and EPA's Proposed Rule 3–4 (Oct. 26, 2018), Docket ID: NHTSA-2018-0067-12108, https://www.edf.org/sites/default/files/EDF1_Comment_Intro.PDF.  Rolling back the Trailer Standards would jeopardize the standards' projected reduction of an estimated 11 million tons of greenhouse gas pollution in 2030 alone.  *See* Memorandum from Angela Cullen & Jessica Brakora, EPA Office of Transp. & Air Quality, to Dockets NHTSA-2014-0132 & EPA-HQ-OAR-2014-0827, at 2 (Aug. 2, 2016), Docket ID: EPA-HQ-OAR-2014-0827-2210.

5.      On August 6, 2018, EDF submitted a FOIA request ("First Request") to DOT seeking records related to correspondence of two DOT officials, Deputy Secretary Jeffrey A. Rosen and Heidi King, the Deputy Administrator of DOT's National Highway Traffic Safety Administration ("NHTSA"), regarding EPA and DOT's joint rulemaking to substantially weaken the Clean Car Standards.  *See* Ex. A (First Request – Letter from Erin Murphy, EDF, to Kathy Ray, DOT (Aug. 6, 2018)).  The request sought the officials' correspondence with persons outside the agency, hereinafter referred to as "external" correspondence.

6.      On October 17, 2018, EDF submitted a second FOIA request ("Second Request") to DOT seeking records related to external correspondence of an additional DOT official, Secretary Elaine Chao, regarding the Clean Car Standards.  In the Second Request, EDF also sought records related to the schedules of Secretary Chao, Deputy Secretary Rosen, and Deputy

Administrator King.  *See* Ex. B (Second Request – Letter from Erin Murphy, EDF, to Kathy Ray, DOT (Oct. 17, 2018)).

7.      Also on October 17, 2018, EDF submitted a third FOIA request ("Third Request") (collectively "FOIA Requests") to DOT seeking records related to correspondence of certain DOT employees regarding the Trailer Standards.  *See* Ex. C (Third Request – Letter from Erin Murphy, EDF, to Kathy Ray, DOT (Oct. 17, 2018)).

8.      On August 7, 2018 and October 19, 2018, EDF received form letters from DOT acknowledging receipt of each FOIA request.  But EDF has received no determination regarding its FOIA Requests—or any other communication explaining the status of these requests—from DOT, in violation of the statutory deadlines and other requirements of FOIA.

9.      The public, including EDF and its members, has a strong interest in records related to current and anticipated rulemakings related to the Clean Car Standards and Trailer Standards. The programs achieve substantial reductions in climate pollution, yet the current administration is seeking to roll back both.

10.     Knowledge of the extent and nature of communications with external stakeholders is critical for EDF, its members, and the public to make an informed judgment about DOT's proposal to roll back the Clean Car Standards and expected decision to revise the Trailer Standards. EDF submitted its FOIA Requests to bring transparency to these records.

11.     EDF requested the information in order to disseminate it to EDF's members, supporters, and the general public.  EDF also plans to leverage its expertise to analyze the records and help the public understand their significance.

12.     DOT is unlawfully withholding and unreasonably delaying the release of records requested by EDF and to which EDF is lawfully entitled under FOIA, despite the records' clear salience to current agency decisions with grave implications for public health and welfare.

13.     EDF seeks declaratory and injunctive relief declaring that DOT has violated FOIA and an order compelling the agency to promptly release all requested records.

## JURISDICTION AND VENUE

14.     This Court has jurisdiction over this action pursuant to FOIA, which vests jurisdiction in the U.S. District Court for the District of Columbia.  5 U.S.C. § 552(a)(4)(B).  This Court also has jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under FOIA, a federal statute.

15.     Injunctive relief is appropriate under FOIA.  5 U.S.C. § 552(a)(4)(B).  Declaratory relief is appropriate under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

16.     Venue is proper in this judicial district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(b).

## PARTIES

17.     Plaintiff EDF is a 501(c)(3) non-profit environmental organization dedicated to finding practical solutions to critical environmental problems through the use of law, policy, science, and economics.  EDF has offices throughout the United States, including in the District of Columbia, and internationally.

18.      EDF has more than two million members and supporters and frequently engages with them and with the general public through press releases, action alerts, blog posts, reports, analyses, and other outreach materials.  EDF is frequently called upon to share its expertise on important environmental issues in the popular media and in other public forums.

19.     EDF has long advocated for measures to protect communities from the deleterious effects of climate change, including the Clean Car Standards, which will reduce greenhouse gas emissions and improve the fuel economy of light-duty cars and trucks.  EDF has likewise been involved in advocating for protective and comprehensive Clean Truck Standards, including standards for heavy-duty freight trailers, which contribute significantly to the greenhouse gas emissions of heavy-duty vehicles.

20.     EDF is injured by DOT's failure to timely produce public records that were properly requested and to which EDF is entitled under FOIA.  *See Zivotofsky v. Sec'y of State,* 444 F.3d 614, 617–18 (D.C. Cir. 2006) ("The requester is injured-in-fact for standing purposes because he does not get what the statute entitles him to receive.").

21.     Defendant DOT is a federal agency of the United States and is subject to FOIA pursuant to 5 U.S.C. § 552(f)(1).  DOT has possession and control of the requested records and is responsible for fulfilling EDF's FOIA requests.

22.     NHTSA is an agency within the DOT that sets and enforces fuel economy standards, among other responsibilities.

## LEGAL BACKGROUND

23.     FOIA requires a federal agency to make public records "promptly available"— subject to enumerated exemptions—to any person who makes a request that reasonably describes the records sought and complies with the agency's rules for making such a request.  5 U.S.C. § 552(a)(3)(A).  FOIA requires the agency to issue a determination on the FOIA request within 20 working days from the date of receipt.  *Id*. § 552(a)(6)(A)(i); *see also* 49 C.F.R. § 7.31(a)(2).

24.     The agency's determination on a FOIA request shall contain (1) the agency's determination of whether to comply with the request and provide responsive records, (2) the

reasons for the agency's determination, and (3) notice of the right of the requester to appeal an adverse determination to the head of the agency.  5 U.S.C. § 552(a)(6)(A)(i).  Mere notice of the agency's receipt of the request does not suffice for a "determination"; instead, "the agency must at least inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." *Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 186 (D.C. Cir. 2013).

25.     FOIA allows the agency to extend the 20-working-day deadline by up to ten working days for "unusual circumstances" by providing written notice to the requester that describes the "unusual circumstances" and the date on which the determination will be issued. 5 U.S.C. § 552(a)(6)(B)(i); *see also* 49 C.F.R. § 7.34(a).

26.     If the agency fails to comply with the applicable time limits of FOIA, a requester is deemed to have exhausted its administrative remedies and may file suit against the agency. 5 U.S.C. § 552(a)(6)(C)(i); *see also* 49 C.F.R. § 7.32(e).

27.     Under FOIA, an agency shall waive or reduce fees and costs incurred in responding to a FOIA request "if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."  5 U.S.C. § 552(a)(4)(A)(iii); *see also* 49 C.F.R. § 7.43(c).

28.     This Court interprets FOIA's fee waiver provision to require that an agency's determination on a request for a fee waiver be made within the 20-working-day period.  *Pub. Citizen, Inc. v. Dep't of Educ.*, 292 F. Supp. 2d 1, 4 (D.D.C. 2003) ("[I]f the agency fails to respond

7

to a waiver request within 20 days, the requester is deemed to have constructively exhausted administrative remedies and may seek judicial review.").

29.     The agency bears the burden to prove the legality of its actions under FOIA. 5 U.S.C. § 552(a)(4)(B).

30.     FOIA grants jurisdiction to the court "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id*.

31.     Under FOIA, this Court may assess attorney fees and costs against the United States if EDF prevails in this action. *Id*. § 552(a)(4)(E).

## FACTUAL BACKGROUND

### A.     Clean Car Standards

32.     In 2012, NHTSA and EPA issued the Clean Car Standards: a joint final rule setting out fuel economy standards and greenhouse gas emission standards for light-duty vehicles for model years ("MY") 2017–2025 under their respective, independent statutory authorities, the Energy Policy and Conservation Act and the Clean Air Act. *See* 2017 and Later Model Year Light-Duty Vehicle Greenhouse Gas Emissions and Corporate Average Fuel Economy Standards, 77 Fed. Reg. 62,624 (Oct. 15, 2012); *see also Massachusetts v. EPA*, 549 U.S. 497, 532 (2007) ("EPA has been charged with protecting the public's 'health' and 'welfare,' a statutory obligation wholly independent of DOT's mandate to promote energy efficiency.").

33.     In March 2017, NHTSA and EPA announced their intention to revisit the Clean Car Standards. *See* Notice of Intention To Reconsider the Final Determination of the Mid-Term Evaluation of Greenhouse Gas Emissions Standards for Model Year 2022–2025 Light Duty Vehicles, 82 Fed. Reg. 14,671 (Mar. 22, 2017).

34.     In August 2018, NHTSA and EPA released a notice of proposed rulemaking that

8

recommends dramatically weakening the Clean Car Standards.  *See* 83 Fed. Reg. 42,986.  The proposal would require no additional reductions in greenhouse gas emissions or improvements in fuel efficiency for vehicles after MY 2020, instead freezing the standards at MY 2020 levels.  *Id.* at 42,988.  An EDF analysis estimates that this rollback would result in approximately 4.5 billion tons of additional cumulative carbon pollution between 2017 and 2050, a major setback to U.S. efforts to protect human health and welfare against the threat of climate change.  *See* Comments of EDF on NHTSA's and EPA's Proposed Rule 3–4 (Oct. 26, 2018), Docket ID: NHTSA-2018-0067-12108, https://www.edf.org/sites/default/files/EDF1_Comment_Intro.PDF.  The public comment period for this proposal closed on October 26, 2018.

35.     News outlets have reported that DOT Deputy Secretary Jeffrey Rosen and NHTSA Deputy Administrator Heidi King are "two of the proposal's chief authors."  *See* Coral Davenport, *Top Trump Officials Clash Over Plan to Let Cars Pollute More*, N.Y. Times (July 27, 2018), https://www.nytimes.com/2018/07/27/climate/trump-auto-pollution-rollback.html; *see also* Maxine Joselow, *2 Officials Drive the Push Against Obama's Car Rules*, E&E News (July 31, 2018), https://www.eenews.net/greenwire/stories/1060091731/.

**B.      EDF's FOIA Requests Regarding Clean Car Standards**

**1.      EDF's First Request**

36.     On August 6, 2018, EDF electronically filed the First Request with DOT seeking "all correspondence of Deputy Secretary Jeffrey A. Rosen or Deputy Administrator Heidi King relating to the Clean Car Standards, with any external party."  Ex. A at 1.  The First Request sought a fee waiver because the records requested would "contribute to a greater public understanding of an issue of considerable public interest."  *Id.* at 2; *see also* 49 C.F.R. § 7.43(c).

37.     EDF sought these records to inform the public's understanding of which stakeholders and what motivations are spurring the proposed rule to weaken the Clean Car Standards.  The communications of top DOT officials are particularly crucial in light of reports that they are playing a leadership role in the rulemaking.

38.     On August 7, 2018, DOT's Office of the Secretary emailed a letter to EDF confirming receipt of the First Request.  *See* Ex. D (Letter from Darlene A. Wallace, DOT, to Erin Murphy, EDF (Aug. 7, 2018)).  The letter provided no estimate of when DOT would issue a determination on the FOIA request, stating merely that EDF's request would be "addressed in the order it was received" and that the agency "regret[s] any inconvenience caused by the delay." *Id*.

39.     On August 17, 2018, EDF Attorney Erin Murphy called the DOT FOIA Request Service Center, as recommended by DOT's letter confirming receipt of the request, to inquire about the status of EDF's First Request and left a voicemail.  DOT did not return her call.

40.     On August 29, 2018, Ms. Murphy called the DOT FOIA Request Service Center and left a voicemail.  DOT did not return her call.

41.     On October 5, 2018, Ms. Murphy called the DOT FOIA Request Service Center and left a voicemail.  DOT did not return her call.

42.     On December 4, 2018, Ms. Murphy called the DOT FOIA Request Service Center and spoke with a staff person, who said they would pass on her contact information to the person handling the request.

43.     Later in the day on December 4, 2018, Kathy Ray, a DOT FOIA coordinator, called Ms. Murphy and left a voicemail, identifying herself as a FOIA officer.

44.     On December 5, 2018, Ms. Murphy called Ms. Ray and left a voicemail.  Ms. Ray did not return her call.

45.     DOT did not provide a determination on EDF's First Request within FOIA's 20-working-day deadline, which lapsed on September 4, 2018.  *See* 5 U.S.C. § 552(a)(6)(A)(i); *see also* 49 C.F.R. § 7.31(a)(2).

46.     To date, DOT has still not issued a determination on the First Request or responded to EDF's request for a fee waiver.

## 2.  EDF's Second Request

47.     On October 17, 2018, EDF electronically filed the Second Request with DOT, seeking "all correspondence of Secretary Elaine Chao relating to the Clean Car Standards, with any external party," as well as all records "related to the schedules of Secretary Chao, Deputy Secretary Rosen, or Deputy Administrator King."  Ex. B at 1.  The Second Request sought a fee waiver because the records requested would "contribute to a greater public understanding of an issue of considerable public interest."  *Id.* at 5; *see also* 49 C.F.R. § 7.43(c).

48.     The Second Request also sought expedited processing because the requested records "are vital for informing the public's understanding" of and ability to provide meaningful comment on NHTSA's proposal to roll back the Clean Car Standards and because the records would facilitate public understanding of "which stakeholders have influenced the process."  *See* Ex. B at 4–5; *see also* 49 C.F.R. § 7.31(c).

49.     On October 19, 2018, DOT's Office of the Secretary emailed a letter to EDF confirming receipt of the Second Request.  *See* Ex. E (Letter from Darlene A. Wallace, DOT, to Erin Murphy, EDF (Oct. 19, 2018)).  The letter provided no estimate of when DOT would issue a determination on the Second Request, stating merely that EDF's request would be "addressed in the order it was received" and that the agency "regret[s] any inconvenience caused by the delay." *Id.*

11

50.     On December 4, 2018, Ms. Murphy called the DOT FOIA Request Service Center, as recommended by DOT's letter confirming receipt of the request, and spoke with a staff person, who said they would pass on her contact information to the person handling the request.

51.     Later in the day on December 4, 2018, Kathy Ray, a DOT FOIA coordinator, called Ms. Murphy and left a voicemail, identifying herself as a FOIA officer.

52.     On December 5, 2018, Ms. Murphy called Ms. Ray and left a voicemail.  Ms. Ray did not return her call.

53.     DOT did not respond to EDF's request for expedited processing for the Second Request within the 10-calendar-day deadline, which lapsed on October 27, 2018.  *See* 5 U.S.C. § 552(a)(6)(E)(ii)(I); *see also* 49 C.F.R. § 7.31(c)(4).

54.     DOT did not provide a determination on EDF's Second Request within FOIA's 20-working-day deadline, which lapsed on November 15, 2018.  *See* 5 U.S.C. § 552(a)(6)(A)(i); *see also* 49 C.F.R. § 7.31(a)(2).

55.     To date, DOT has still not issued a determination on the Second Request or responded to EDF's related requests for a fee waiver and expedited processing.

56.     The mandatory statutory deadlines are long past for the agency to issue a determination on the First and Second Requests.  The public comment period on NHTSA and EPA's proposed rollback of the Clean Car Standards closed on October 26, 2018, and the agencies have announced their intention to issue a final rule in March 2019.  DOT's failure to respond to the First and Second Requests within the required timeframe precluded EDF and its members from utilizing the requested records to inform their comments on the agencies' proposal, precluded EDF from disseminating relevant information to the public, and continues to stymie public

understanding of and engagement on the agency's deliberations and communications with regard to the standards.

### C.    Trailer Standards

57.    In October 2016, NHTSA and EPA conducted a joint rulemaking establishing the Clean Truck Standards, including the Trailer Standards.  Greenhouse Gas Emissions and Fuel Efficiency Standards for Medium- and Heavy-Duty Engines and Vehicles—Phase 2, 81 Fed. Reg. 73,478, 73,481 (Oct. 25, 2016).   These standards provide "significant [greenhouse gas] reductions," *id.*, that will "benefit the public health and public welfare of current and future generations," *id.* at 73,487.   Under the Trailer Standards, EPA's greenhouse gas standards applicable to heavy-duty trailers were scheduled to go into effect on January 1, 2018, *id.* at 73,642–43, and NHTSA's fuel economy standards for heavy-duty trailers are scheduled to become mandatory in 2021, *id.* at 73,504.

58.    On December 22, 2016, the Truck Trailer Manufacturers Association ("TTMA") filed a petition for judicial review of the Trailer Standards in the U.S. Court of Appeals for the District of Columbia Circuit.  *See* Petition for Review, *TTMA*, No. 16-1430 (Dec. 22, 2016).[1]  The D.C. Circuit placed the case in abeyance on May 8, 2017.  *See* Order, *TTMA*, No. 16-1430 (May 8, 2017).

59.    On August 17, 2017, NHTSA granted TTMA's administrative petition for rulemaking to consider revisions to the Trailer Standards.  *See* Letter from Jack Danielson, Acting Deputy Adm'r, NHTSA, to Jeffrey M. Sims, President, TTMA (Aug. 17, 2017).  On October 27, 2017, the D.C. Circuit granted TTMA's motion to stay the Trailer Standards.  *See* Order, *TTMA*,

---

[1] This document and other *TTMA* filings and related documents cited herein are available on EDF's website, at https://www.edf.org/climate/heavy-duty-standards-case-resources.

No. 16-1430 (Oct. 27, 2017).  The Trailer Standards are the only provisions within the Clean Truck Standards that are implicated in the TTMA litigation.

60.     On August 6, 2018, TTMA filed a motion to compel NHTSA and EPA to submit a status report detailing the agencies' progress toward reconsidering the Trailer Standards and a timeline for completion of the reconsideration.  *See* Motion to Compel Agencies to Submit Detailed Status Report and Timeline for Completion of Administrative Review, *TTMA*, No. 16-1430 (Aug. 6, 2018).  In response, EPA and NHTSA notified the court of the agencies' agreement to meet with TTMA regarding its concerns.  Respondents' Opposition to Motion to Compel at 6, *TTMA*, No. 16-1430 (Aug. 16, 2018).  Then, on September 24, 2018, without explaining how or whether its concerns had been resolved, TTMA withdrew its motion to compel the agencies to provide a status report and timeline.  *See* Notice of Withdrawal of Motion, *TTMA*, No. 16-1430 (Sept. 24, 2018).

61.     On October 22, 2018, EPA and NHTSA filed a status report stating that NHTSA is "continu[ing] to assess next steps after granting [TTMA's] request for rulemaking" and that "discussions are ongoing to schedule a meeting" with TTMA.  Respondents' Status Report at 3, *TTMA*, No. 16-1430 (Oct. 22, 2018).

## D.     EDF's Third Request Regarding Trailer Standards

62.     EDF electronically submitted its Third Request on October 17, 2018, seeking "all correspondence" related to trailers and "all records . . . related to the schedules" of certain DOT staff who are believed to be working on efforts to revise the Trailer Standards.  Ex. C at 1–2.  EDF sought a fee waiver and expedited processing of the Third Request because it is urgent that its members and the public "understand the extent and nature of the correspondence that DOT has had with [truck] trailer industry groups and other stakeholders, before the Agency takes further

14

action." *Id.* at 4; *see also* 49 C.F.R. §§ 7.31(c), 7.43(c).  If DOT delays, repeals, or otherwise weakens the Trailer Standards, such an action would allow additional harmful greenhouse gas emissions from heavy-duty vehicles.  *See* Ex. C at 4.

63.     On October 19, 2018, DOT's Office of the Secretary emailed a letter to EDF confirming receipt of the Third Request.  *See* Ex. F (Letter from Darlene A. Wallace, DOT, to Erin Murphy, EDF (Oct. 19, 2018)).  The letter provided no estimate of when DOT would issue a determination on the Third Request, stating merely that EDF's request would be "addressed in the order it was received" and that the agency "regret[s] any inconvenience caused by the delay."  *Id.*

64.     On December 4, 2018, Ms. Murphy called the DOT FOIA Request Service Center, as recommended by DOT's letter confirming receipt of the request, and spoke with a staff person, who said they would pass on her contact information to the person handling the request.

65.     Later in the day on December 4, 2018, Kathy Ray, a DOT FOIA coordinator, called Ms. Murphy and left a voicemail, identifying herself as a FOIA officer.

66.     On December 5, 2018, Ms. Murphy called Ms. Ray and left a voicemail.  Ms. Ray did not return her call.

67.     DOT did not respond to EDF's request for expedited processing related to its Third Request within the 10-calendar-day deadline, which lapsed on October 27, 2018.  *See* 5 U.S.C. § 552(a)(6)(E)(ii)(I); 49 C.F.R. § 7.31(c)(4).

68.     DOT did not provide a determination on EDF's Third Request within FOIA's 20-working-day deadline, which lapsed on November 15, 2018.  5 U.S.C. § 552(a)(6)(A)(i); *see also* 49 C.F.R. § 7.31(a)(2).

69.     To date, DOT has still not issued a determination on the Third Request or responded to EDF's related requests for a fee waiver and expedited processing.

70.     DOT's rulemaking to consider revisions to the Trailer Standards is ongoing, and the agency's failure to respond to the Third Request within the required timeframe has prevented EDF, its members, and the general public from being fully informed and able to meaningfully engage on this issue.

## CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

71.     EDF incorporates by reference all preceding paragraphs.

72.     Under FOIA, EDF has a statutory right to have DOT process the FOIA Requests in a timely manner and to obtain all non-exempt records responsive to the FOIA Requests.

73.     DOT failed to comply with the statutory deadline for issuing a determination on EDF's FOIA Requests.  *See* 5 U.S.C. § 552(a)(6)(A)(i).

74.     DOT failed to make a determination on the FOIA Requests from which EDF could exercise its statutory right of appeal.  *See id*.

75.     DOT failed to provide a date on which DOT would complete action on EDF's FOIA Requests.  *See id*. § 552(a)(7)(B)(ii).

76.     DOT failed to make timely determinations on EDF's requests for a fee waiver.

77.     Unless enjoined by this Court, DOT will continue to violate EDF's legal rights to timely receive a complete set of responsive documents sought through its FOIA Requests.

78.     It is in the public interest for the Court to issue an injunction requiring DOT's immediate compliance with FOIA.

## REQUEST FOR RELIEF

EDF requests the following relief from the Court:

A.  Declare DOT's failure to provide EDF with a determination on its FOIA Requests and fee waiver requests within FOIA's deadlines unlawful.

B.  Declare DOT's failure to provide a completion date for the FOIA Requests unlawful.

C.  Declare DOT's failure to make the requested records promptly available to EDF unlawful.

D.  Order DOT to provide EDF with all responsive records immediately, at no charge to EDF, and in unredacted form unless an exemption is applicable and properly asserted.

E.  Order DOT to provide a *Vaughn* index of any responsive records or portions of records withheld under the claim of a FOIA exemption.

F.  Award EDF its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E), 28 U.S.C. § 2412, and any other applicable law.

G.  Grant any further relief as the Court deems just and proper.

Respectfully submitted on December 19, 2018.

/s/  *John E. Putnam*
JOHN E. PUTNAM*
NATHANIEL H. HUNT*
SAMANTHA R. CARAVELLO*
Kaplan Kirsch & Rockwell LLP
1675 Broadway, Suite 2300
Denver, CO  80202
Telephone:  (303) 825-7000
E-mail:   jputnam@kaplankirsch.com
              nhunt@kaplankirsch.com
              scaravello@kaplankirsch.com

*Applying for pro hac vice*

/s/  *Tyler L. Burgess*
TYLER L. BURGESS (No. 1025617)
Kaplan Kirsch & Rockwell LLP
1634 I Street, NW, Suite 300
Washington, D.C. 20006
Telephone:  (202) 955-5600
E-mail:   tburgess@kaplankirsch.com

/s/ *Benjamin Levitan*
BENJAMIN LEVITAN (No. NY0253)
ERIN MURPHY[*]
Environmental Defense Fund
1875 Connecticut Ave. NW, Suite 600
Washington, D.C. 20009
Telephone:  (202) 387-3500
E-mail:   blevitan@edf.org
          emurphy@edf.org

[*]*D.D.C. admission pending*

*Counsel for Environmental Defense Fund*